S.D.N.Y. – N.Y.C.
25-cv-8350
Vyskocil, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-six.

Present:
    Gerard E. Lynch,
    Joseph F. Bianco,
    Steven J. Menashi,
        *Circuit Judges*.

---

Xiaoquan Chen,

                *Petitioner-Appellant*,

        v.                                                              25-3169 (pr)

Judith Almodovar, Acting Director of the New York City Field Office of Immigration and Customs Enforcement, Markwayne Mullin, Secretary of the Department of Homeland Security, Todd Blanche, Acting United States Attorney General,

                *Respondents-Appellees*.*

---

Petitioner moves under Federal Rule of Appellate Procedure 23(b) for an order releasing him pending a decision by the Court of Appeals regarding the district court's denial of his habeas corpus petition. In order to be entitled to release, Petitioner must demonstrate that (1) his petition raises substantial claims, and (2) extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective. *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001).

Applying that standard, we conclude that Petitioner is entitled to release. First, he undoubtedly raises a substantial claim that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is entitled to release or a bond hearing under 8 U.S.C. § 1226(a), in light of our decision in *Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026) at Dkt. No. 78.

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Moreover, Respondents do not argue that, if Petitioner prevails on his claim that Section 1225(b)(2)(A) does not apply to him, he should be detained on some other ground. Indeed, in 2023, U.S. Immigration and Customs Enforcement determined that Petitioner did not present a risk of flight or danger to the community. Second, "the interest of the habeas petitioner in release pending appeal is always substantial," *Mahdawi v. Trump*, 136 F.4th 443, 455 (2d Cir. 2025) (alterations adopted) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)), and the particular circumstances present here are sufficiently extraordinary to make the grant of bail necessary to make the habeas remedy fully effective.

Upon due consideration, it is hereby ORDERED that the motion is GRANTED, and that Petitioner be released on his own recognizance, pending disposition of his appeal. The motion for referral is hereby DENIED as moot.

Judge Menashi would deny the motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court